| STATE OF INDIANA | ) | IN THE PORTER SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF PORTER | ) | SITTING AT VALPARAISO, INDIANA |

E.N., a minor, Individually )
And by her Guardians and )
Next Friends, N.N. and T.N, )
      Plaintiffs, )
       )
vs. ) CAUSE NO.: 64D0___-1802-CT-_____
 )
PORTAGE TOWNSHIP SCHOOLS, )
      Defendant. )

## COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

Plaintiffs, by counsel, state as follows:

### I. INTRODUCTION

1. This is an action brought by Plaintiff against Defendant Portage Township Schools. Defendant violated Title IX of the Education Amendment of 1927, 20 U.S.C. § 1681 and the Fourteenth Amendment Equal Protection Clause, 42 U.S.C. § 1983, by failing to prevent, stop, or remedy known, ongoing, severe, and objectively offensive sexual harassment amounting to gender discrimination against the Plaintiff. Defendant further was negligent in its failure to address or remedy the harassment or otherwise protect Plaintiff from the tortuous and criminal conduct of her peers on school property, and Defendant negligently inflicted emotional distress by its failure to act. Finally, Defendant was negligent in its hiring, supervision, and retention of the employee who perpetrated the harassment.

### II. JURISDICTION



EXHIBIT "A"

2. The events which form the basis for this Complaint occurred within Porter County, Indiana.

## III. VENUE

3. Plaintiff is a resident of Porter County in the State of Indiana and is a citizen of the United States of America.

4. Portage Township Schools is located in Porter County, Indiana.

5. Thus, this cause of action is properly venued in Porter County, the county in which the cause of action arose.

## IV. STATEMENT OF FACTS

6. During the 2017 and 2018 school years, Plaintiff E.N. was a student at Portage Township High School.

7. Defendant is a public school in the state of Indiana and receives federal funding and/or grants.

8. During this time, Jatwone London was employed by Portage High School ("PHS") as an assistant swim coach.

9. Plaintiff E.N. was a member of the PHS swim team.

10. At all relevant times, Plaintiff E.N. was a minor.

11. During the 2017 and 2018 school years, London entered into inappropriate and sexual relationships with members of the PHS swim team.

12. E.N.'s parents, N.N. and T.N., alerted Defendant's board members, administrators, and staff that London was engaged in inappropriate relationships with members of the swim team.

13. London also entered into an inappropriate sexual relationship with E.N., a minor.

14. Defendant failed to adequately investigate the allegations against London or take corrective action to prevent London from engaging in further inappropriate actions with students, including E.N.

15. Defendant also failed to have or enact any policies to ensure that younger staff members – including London – maintained appropriate relationships with teenage students.

16. Upon learning of the inappropriate relationship between London and E.N., N.N. and T.N. reported the matter to law enforcement.

17. Defendant took retaliatory action against E.N. as a result of the Plaintiff's complaint to law enforcement.

18. As a result of Defendant's acts and omissions, Plaintiff E.N. suffered severe emotional distress, damage to her education, her relationship with her peers suffered, and has incurred and will incur emotional distress in the future.

19. On May 31, 2018, Plaintiffs issued a Tort Notice to Portage Township Schools. The claims were denied by operation of law.

## V. STATEMENT OF CLAIMS

### COUNT I

*(Negligence)*

20. Plaintiffs incorporate the allegations of paragraphs 1 through 19 above and, in addition, state that Defendant's acts and omissions in this matter constituted negligence.

3

21. Defendant knew or should have known that London was engaging sexual harassment and other inappropriate conduct with students.

22. The sexual harassment and other harassment of E.N. was severe, pervasive, and ongoing.

23. Defendant was placed on notice that London had engaged in harassment and inappropriate conduct with PHS students.

24. Defendant failed to take reasonable care to halt the harassment and inappropriate conduct, prevent future harassment and inappropriate conduct, or remedy known harassment and inappropriate conduct.

25. Defendant owed Plaintiff E.N. a duty of ordinary and reasonable care.

26. Defendant breached this duty by failing to take action regarding the conduct and by failing to protect E.N. from London's torts.

27. As a result of Defendant's failure to exercise reasonable and ordinary care to ensure the safety and wellbeing of E.N., E.N. was injured.

WHEREFORE, as a result of the Defendant's acts, Plaintiffs demand judgment against the Defendant in such sum as deemed just and reasonable, for the cost of this action, and for all other just and proper relief.

## COUNT II

*(Negligent Hiring, Supervision, and Retention)*

28. Plaintiffs incorporate the allegations of paragraphs 1 through 19 above and, in addition, state that Defendant was negligent in its hiring, supervision, and retention of Jatwone London.

29. London was able to engage in harassment and inappropriate conduct as a result of his employment by Defendant as an assistant swim coach.

30. Further, Defendant knew or should have known that London was engaging in harassment and other inappropriate conduct with PHS students.

31. Defendant owed E.N. a duty of reasonable and ordinary care in hiring, supervising, training, and retaining its employees.

32. Defendant breached this duty in hiring and retaining London.

33. Defendant breached this duty by improperly supervising London.

34. As a result of Defendant's failure to exercise reasonable and ordinary care to ensure the safety and wellbeing of E.N., E.N. was injured.

WHEREFORE, as a result of the Defendant's acts, Plaintiffs demand judgment against the Defendant in such sum as deemed just and reasonable, for the cost of this action, and for all other just and proper relief.

## COUNT III

*(Negligent Infliction of Emotional Distress)*

35. Plaintiffs incorporate the allegations of paragraphs 1 through 19 above and, in addition, state that Defendant's acts and omissions in this matter constituted the tort of negligent infliction of emotional distress.

36. Defendant owed a duty of reasonable and ordinary care to Plaintiff.

37. Defendant negligently breached this duty by failing to address the inappropriate conduct and sexual harassment.

38. Defendant's breach caused severe emotional distress to Plaintiff E.N.

WHEREFORE, as a result of the Defendant's acts, Plaintiffs demand judgment against the Defendant in such sum as deemed just and reasonable, for the cost of this action, and for all other just and proper relief.

### COUNT IV

*(Sexual Harassment and Gender Discrimination in Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681)*

39. Plaintiffs incorporate the allegations of paragraphs 1 through 19 above and, in addition, state that Defendant's acts and omissions in this matter violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

40. Portage Township Schools receives federal funding and is subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

41. Plaintiff was the victim of offensive sexual harassment and inappropriate conduct by London.

42. Plaintiff was targeted for this harassment and inappropriate conduct because of her gender, female.

43. Portage Township Schools had knowledge that London was engaging in inappropriate conduct with students at Portage High School.

44. Despite Defendant's knowledge of the harassment and inappropriate conduct, Defendant failed to respond reasonably.

45. Defendant's failure to take appropriate actions to prevent, stop or remedy this harassment amounts to deliberate indifference.

46.     Defendant's deliberate indifference to this sexual harassment and inappropriate conduct effectively deprived Plaintiff of access to the educational opportunities or benefits provided by the school.

47.     As a result of Plaintiffs' complaint of London's conduct to law enforcement, Defendant engaged in retaliatory action against E.N.

48.     Plaintiff has suffered damages, including but not limited to the deprivation of access to the educational opportunities and benefits provided by the school as a result of the harassment and inappropriate conduct and Defendant's unreasonable response to it.

WHEREFORE, as a result of the Defendant's acts, Plaintiffs demand judgment against the Defendant in such sum as deemed just and reasonable, for the cost of this action, for attorney fees (pursuant to 42 U.S.C. § 1988) and for all other just and proper relief.

## COUNT V

*(Gender Discrimination and Sexual Harassment in Violation of the Fourteenth Amendment, Equal Protection Clause and 42 U.S.C. §1983)*

49.     Plaintiffs incorporate the allegations of paragraphs 1 through 19 above and, in addition, state that Defendant's acts and omissions in this matter violated the Fourteenth Amendment, Equal Protection Clause, and 42 U.S.C. § 1983.

50.     Pursuant to the Fourteenth Amendment of the Constitution of the United States, Plaintiff has a right to equal protection under the law.

51.     By permitting gender-based and sexual harassment against Plaintiff, Defendant deprived Plaintiff of that right.

52. Further, as a public school, Portage Township Schools acted under the color of law in depriving Plaintiff of her right to equal access to educational opportunities.

53. London harassed and engaged in inappropriate conduct with Plaintiff because of her gender, female.

54. Defendant knew that London was engaging in harassment and inappropriate conduct with students.

55. However, Defendant intentionally failed to act in response to the harassment and/or responded with deliberate indifference.

56. Defendant's failure to prevent, stop, or remedy the harassment amounted to gender-based discrimination against Plaintiff, depriving her of equal access to education because of her gender and causing her other damages and losses.

WHEREFORE, as a result of the Defendant's acts, Plaintiffs demand judgment against the Defendant in such sum as deemed just and reasonable, for the cost of this action, for attorney fees (pursuant to 42 U.S.C. § 1988) and for all other just and proper relief.

### JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,
HARPER AND HARPER

/s/ Robert P. Harper
ROBERT P. HARPER, Attorney No. 7479-64
304 West U.S. Highway 6
Valparaiso, IN 46385
Phone: (219) 762-9538
Fax: (219) 762-0763
Email: bob@harperattorneys.com